IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAREEM MASSAL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 23-CV-502-DWD |
| | ) |
| MENARD CORRECTIONAL CENTER WARDEN, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter is before the Court on preliminary review of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by Petitioner Kareem Massal. (Doc. 1). Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Massal is an inmate incarcerated at Menard Correctional Center within the Illinois Department of Corrections. The petition indicates that Massal is challenging a judgment of conviction entered in Randolph County, Illinois in case No. 2022-cf-13. In April 2022, Massal entered a plea of guilty and was sentenced to one-year imprisonment. Massal's grounds for relief are not entirely clear. The petition is largely blank, and the portions

that include writing are difficult to read. It appears that Massal is bringing arguments pertaining to due process and is alleging that he was kidnapped.

Regardless of the merits of Massal's petition, the court finds that it must be dismissed. "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (citing 28 U.S.C. §§ 2254(b)(1), (c)). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *Id.* at 842. "The exhaustion requirement provides the State an opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Bolton v. Akpore*, 730 F.3d 685, 694 (7th Cir. 2013) (quotations omitted).

To satisfy the statutory exhaustion requirement, "a petitioner must assert that claim throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in postconviction proceedings." *Wilson v. Cromwell*, 58 F.4th 309, 319 (7th Cir. 2023) (quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014)). "The complete round rule means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* (citation omitted). In Illinois, that includes a petition for leave to appeal to the Illinois Supreme Court. *Id. Soto v. Truitt*, No. 96 C 5680, 2023 WL 112585, at *8 (N.D. Ill. Jan. 5, 2023) (citing *O'Sullivan*, 526 U.S. at 845).

Here, Massal attached a pleading filed with the Illinois Appellate Court (Case No. 5-22-0673). A review of the pleading and of the circuit court docket in the underlying criminal case reveals that in December 2022, Massal, through the public defender's office,

filed a "Motion for Leave to File Late Notice of Appeal." A review of the circuit docket indicates that Massal's appeal is still pending, and the Illinois Appellate Court indicates that Massal's appeal is presently in the briefing stage. Accordingly, his claims must be dismissed without prejudice to allow for exhaustion in state court.

## CONCLUSION

For these reasons, the Petition Under 28 U.S.C. § 2254 for Writ for Habeas Corpus filed by Petitioner Kareem Massal (Doc. 1) is **DENIED** without prejudice. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order for a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show both that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, no reasonable jurist would find it debatable that this Court's ruling on the issue of exhaustion is correct. Accordingly, the Court denies a certificate of appealability. Massal may reapply to the United States Court of Appeals for the Seventh Circuit for a certificate of appealability if he wishes to pursue an appeal. See FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).

**SO ORDERED.**

Dated: April 21, 2023

DAVID W. DUGAN
United States District Judge